IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JOHNNY GRAVES                                                                                            PLAINTIFF

vs.                                           Civil No. 6:10-cv-06050

MICHAEL J. ASTRUE                                                                                     DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Johnny Graves ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Supplemental Security Income ("SSI"), Disability Insurance Benefits ("DIB"), and a period of disability under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff filed his disability applications on May 22, 2008. (Tr. 9, 75-84).  In his applications, Plaintiff alleged he was disabled due to major depression, anxiety, obsessive-compulsive disorder, agoraphobia, and panic attacks.  (Tr. 101).  Plaintiff alleged an onset date of May 1, 2008.  (Tr. 9, 75,

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

1

78). These applications were denied initially and again on reconsideration. (Tr. 39-42).

Thereafter, Plaintiff requested an administrative hearing on his applications, and this hearing request was granted. (Tr. 18-38, 58-59). An administrative hearing was held on June 26, 2009 in Hot Springs, Arkansas. (Tr. 18-38). Plaintiff was present and was represented by counsel, Charles Padgham, at this hearing. *Id.* Plaintiff, Vocational Expert ("VE") Grant Sales, and a witness for Plaintiff testified at this hearing. *Id.* On the date of this hearing, Plaintiff was forty-two (42) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008), and had obtained a high school diploma, a Certified Nurse's Aide ("CNA") license, and a Licensed Practical Nurse ("LPN") license. (Tr. 21).

On October 22, 2009, the ALJ entered an unfavorable decision denying Plaintiff's disability applications. (Tr. 9-17). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2012. (Tr. 11, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since his alleged onset date of May 1, 2008. (Tr. 11, Finding 2). The ALJ determined Plaintiff had the following severe impairments: depression with psychotic features and alcohol dependence. (Tr. 11, Finding 3). The ALJ, however, also determined Plaintiff did not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4 ("Listings"). (Tr. 11-12, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 12-15). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined, based upon his review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff

retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds the claimant has residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: interpersonal contact is incidental to the work performed; tasks are no more complex than those learned by experience and may involve several variables; use judgment within normal limits; and little supervision is needed for routine tasks with detailed supervision required for non-routine tasks.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 15, Finding 6). The VE testified at the administrative hearing regarding this issue, and based that testimony, the ALJ determined Plaintiff's PRW included work as a CNA (semiskilled, medium), LPN (skilled, medium), and cashier/stocker (unskilled, light). *Id.* Based upon his RFC and the VE's testimony, the ALJ then determined Plaintiff would not be able to perform this PRW. *Id.*

The ALJ then determined whether Plaintiff would be able to perform other work existing in significant numbers in the national economy, considering his age, education, RFC, and work experience. (Tr. 16, Finding 10). The ALJ based this determination upon the testimony of the VE. *Id.* Specifically, the VE testified that a hypothetical individual with Plaintiff's limitations retained the capacity to perform representative occupations such as (1) cleaner with 1,100 such jobs in central Arkansas, 7,600 such jobs in Arkansas, and 459,000 such jobs in the nation; and (2) hand packager with 7,000 such jobs in Arkansas and 700,000 such jobs in the nation. *Id.* The ALJ then determined Plaintiff had not been under a disability, as defined by the Act, from May 1, 2008 through the date of his decision or through October 22, 2009. (Tr. 16, Finding 11).

Thereafter, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 5). *See* 20 C.F.R. § 404.968. On June 10, 2010, the Appeals Council declined to

review the ALJ's unfavorable disability determination. (Tr. 1-3). On July 1, 2010, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on July 15, 2010. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 7-8. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory

diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. **Discussion:**

In his appeal brief, Plaintiff argues his case must be reversed and remanded. ECF No. 7 at 2-6. Specifically, Plaintiff raises one point on appeal: whether the ALJ properly evaluated his subjective complaints.[2] *Id.* In response, Defendant argues the ALJ's disability determination is supported by substantial evidence in the record, and the ALJ properly evaluated the credibility of his

---

[2] Although Plaintiff has three separate argument headers, all of Plaintiff's claims relate to this one issue. ECF No. 7.

subjective complaints. This Court will address Plaintiff's argument for reversal.

Plaintiff claims the ALJ improperly evaluated his subjective complaints of disabling limitations due to his alleged mental and physical impairments. ECF No. 7. In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[3] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain or limitation; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints. *See id.*

The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint, the ALJ must make a specific credibility

---

[3] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort or limitation is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain or the limitation, but whether the pain or limitation a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ fully complied with the requirements of *Polaski*. Specifically, the ALJ made the following findings when he discounted Plaintiff's subjective complaints: (1) there was no evidence any health care provider had restricted claimant from performing all work activity; (2) although he alleged not leaving his house often, Plaintiff traveled to Florida for vacation and acknowledged shopping and driving; (3) although his mother testified that he had no problem drinking, counseling notes dated June 17, 2008 reveal Plaintiff acknowledged binge drinking once every two weeks; and (4) Plaintiff acknowledged performing a wide range of daily activities, including shopping, driving, laundering clothes, washing dishes, playing games, fishing, and caring for a sick neighbor. (Tr. 15). Accordingly, because the ALJ's credibility determination was supported by "good reasons," it should be affirmed. *See Gregg v. Barnhart,* 354 F.3d 710, 714 (8th Cir. 2003) (holding that "[i]f an ALJ explicitly discredits the claimant's testimony and gives good reasons for doing so, we will normally defer to the ALJ's credibility determination") (citation omitted).

Further, it should be noted that while Plaintiff claims his medical records fully support his subjective allegations, Plaintiff has not referenced any specific medical records supporting his alleged disability. ECF No. 7 at 1-6. Plaintiff bears the burden of proving his disability. *See Teague v.*

7

*Astrue,* 638 F.3d 611, 615 (8th Cir. 2011). Clearly, by providing no support for his claims, Plaintiff has not met that burden.

Further, this Court has independently reviewed the transcript and the medical records in this case. Based upon that review, this Court finds Plaintiff's medical records do not fully support his subjective complaints. Indeed, on June 6, 2008, Plaintiff's treating nurse at Community Counseling Services wrote a letter on Plaintiff's behalf indicating he could return to work. (Tr. 319). It appears Plaintiff disregarded that letter and decided to not return to work. *Id.* Instead, Plaintiff decided to apply for disability. *Id.* Plaintiff's ability to return to work is also supported by the findings of Dr. Charles M. Spellmann, Ph.D., who performed a consultative examination. (Tr. 366-367). Dr. Spellman found Plaintiff could perform essentially normal activities, including driving a vehicle, shopping independently, handling his own finances, and participating in social groups. (Tr. 366-369). Dr. Spellman also noted that Plaintiff had "no motivation to go back to work." *Id.* This finding indicates Plaintiff's failure to return to work was not due to a disability. Thus, based upon this Court's review of the medical records, the ALJ's decision to disregard Plaintiff's subjective complaints was supported by substantial evidence in the record.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 28th day of July, 2011.**

        /s/   Barry A. Bryant
        HON. BARRY A. BRYANT
        U.S. MAGISTRATE JUDGE